JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MICKIE L. RILEY and HANSI RILEY, <br><br> Debtors. <br> ──────────────────── <br> DIVERSIFIED PACIFIC OPPORTUNITY FUND I, LLC, <br><br> Appellant, <br><br> v. <br><br> ARTURO CISNEROS, CHAPTER 7 TRUSTEE FOR THE ESTATE OF MICKIE L. RILEY and HANSI RILEY, CENTRAL PACIFIC BANK AND CITY NATIONAL BANK, N.A., <br><br> Appellees. | Case No. EDCV 12-01288 DMG <br><br> Bankruptcy Case No. 6:09-bk-23174-DS <br><br> **ORDER RE BANKRUPTCY APPEAL** |

    This matter is before the Court on an appeal from the Bankruptcy Court. The Court deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 8012-7. Having duly considered the respective positions of the

parties, the Court now renders its decision. For the reasons set forth below, the judgment of the Bankruptcy Court is REVERSED.

# I.

# **INTRODCUTION**

On June 15, 2009, the Mickey and Hansi Riley ("Debtors") filed for Chapter 7 bankruptcy in the United States Bankruptcy Court in the Central District of California. R. at 779.[1] On July 10, 2012, the Bankruptcy Court issued an Order disallowing two claims by Appellant Diversified Pacific Opportunity Fund I, LLC ("Diversified"), worth approximately $13.1 million. Appellee Arturo Cisneros (the "Trustee") is the Chapter 7 Trustee of the estate and Appellee Central Pacific Bank ("CPB") is another creditor.

Debtors owed Diversified more than $12 million based on unpaid loan guarantees. R. at 331. Before the bankruptcy, in December 2008, Diversified obtained writs of attachment for about $10.4 million, which likely precipitated the bankruptcy. R. at 719, 722-43. The precise amount of the debt owed to Diversified was initially undetermined because of a future contingency, but the existence of the debt was not disputed. R. at 331. Debtors' initial Schedule F, filed at the outset of the bankruptcy and listing all unsecured claims against them, included Diversified's two claims, totaling $13.1 million. R. at 866. The claims were listed as contingent, unliquidated, and disputed. *Id.*

On June 16, 2009, the bankruptcy court issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Case Commencement Notice"), which included the directive: "Please Do Not File a Proof of Claim Unless You Receive a Notice to Do So." R. at 779. The Case Commencement Notice set July 23, 2009 as the date for the first meeting of creditors pursuant to 11 U.S.C. § 341(a). *Id.* At the 341(a) hearing, the Trustee requested the amended versions of several documents. R. at 68. On August 17, 2009, after Debtors met with their counsel, Debtors' counsel sent the Trustee a letter in response to his request, which included, among other documents, an Amended

---

[1] Diversified, Debtors, and CPB each filed excerpts of the Record. [Doc. ## 24-25, 31-34.]

Schedule F.  *Id.*, R. at 131-32.  The Amended Schedule F contains the same information as the original Schedule F with respect to Diversified's claims.  R. at 589.

On February 10, 2010, the court issued a notice establishing the bar date of May 17, 2010 for filing proofs of claim.  R. at 778.  Diversified failed to file a proof of claim by the bar date.  On April 6, 2012, Diversified filed formal proofs of claim, and then amended them on May 14, 2012.  R. at 356-571.  On May 10, 2012, CPB filed a motion to disallow Diversified's two claims.  On June 14, 2012, Diversified filed a motion to approve and allow informal proofs of claim.  On July 10, 2012, the court held a hearing on both motions.  Diversified claimed that it never received the notice of the bar date in the mail, and only discovered the error when it received notice of the Trustee's final report.[2]  R. at 336.1-.4, 341.  As a result, Diversified argued, the letter from Debtors' counsel to the Trustee should be treated as an informal proof of claim and Diversified should be permitted to amend it after the bar date with the filing of formal proofs of claim.

On July 20, 2012, the court issued the order on appeal before this Court, incorporating its oral rulings, granting CPB's motion, denying Diversified's motion, and disallowing both of Diversified's claims.  R. at 6-10.  On August 2, 2012, Diversified appealed to this Court.

## II.

## STANDARD OF REVIEW

A district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.  Fed. R. Bankr. P. 8013; *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1209 (9th Cir. 2010) (citing *Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen)*, 300 F.3d 1097, 1101 (9th Cir. 2002)).  Whether certain documents in the record relating to Diversified's claims constitute an amendable informal proof of

---

[2] The Bankruptcy Court acknowledged that a problem may have occurred with the mailing of notice:  "I think that something did go wrong here in this case."  (R. at 110.)

claim is a question of law reviewed *de novo*. *Pizza of Hawaii, Inc. v. Shakey's, Inc.* (*In re Pizza of Hawaii, Inc.*), 761 F.2d 1374, 1377 (9th Cir. 1985).

## III.
## DISCUSSION

### A. Informal Proof of Claim Doctrine

In the Ninth Circuit, the informal proof of claim doctrine is well established, though the requirements for a document to be construed as an informal proof of claim are somewhat less so. Under the doctrine, a creditor may amend a timely filed informal proof of claim after the bar date by filing a formal proof of claim. *In re Fish*, 456 B.R. 413, 417 (B.A.P. 9th Cir. 2011). Courts apply "the so-called rule of liberality in amendments to creditors' proofs of claim so that the formal claim relates back to a previously filed informal claim." *Id.* (quoting *In re Holm,* 931 F.2d 620, 622 (9th Cir.1991)).

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has articulated a five-part test to determine whether a document constitutes an informal proof of claim. According to the BAP, the requirements are:

(1) presentment of a writing;

(2) within the time for the filing of claims;

(3) by or on behalf of the creditor;

(4) bringing to the attention of the court;

(5) the nature and amount of a claim asserted against the estate.

*In re Fish*, 456 B.R. at 417. It is not entirely clear, however, that rigid application of these five "requirements" is actually the law in the Ninth Circuit.

//
//
//
//

-4-

The test is derived from *Perry v. Certificate Holders of Thrift Sav.*, 320 F.2d 584, 590 (9th Cir. 1963).[3]  In *Perry*, the court examined authority from the United States Supreme Court and other circuits to find primarily that

> two propositions are firmly established:  (1) that the courts will be liberal in permitting amendments to claims where an attempt has been made, within the time limit, to comply with the requirement that a proof of claim be filed; and (2) that the courts, in cases in which no injustice will be done, will be liberal in determining that such an attempt has been made.

*Id.* at 590.  The court then commented that it could find no case that disagreed with the following quote from a Fourth Circuit case:  "We agree that mere knowledge on the part of the trustee or of the referee in bankruptcy as to the existence of a claim is not sufficient basis for allowing the filing of an amended claim nor is the listing of the claim in the bankrupt's schedules sufficient."  *Id.* at 589-90 (quoting *Fyne v. Atlas Supply Co.*, 245 F.2d 107, 108 (4th Cir. 1957).  The court continued:  "We think that, to begin with, there must have been presented, within the time limit, by or on behalf of the creditor, some written instrument which brings to the attention of the court the nature and amount of the claim."  *Id.* at 590.

The Ninth Circuit has not consistently treated the five *Perry* requirements as a rigid test.  The next Ninth Circuit case to address informal proofs of claim did indeed rely upon the above-quoted passage from *Perry* as the basis for its decision.  *In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 183 (9th Cir. 1979), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980).  After *Franciscan Vineyards*, however, the Ninth Circuit cases have not.  In *In re Sambo's Restaurants, Inc.*, the court cited *Franciscan Vineyards* to derive a new test:  "For these documents to constitute an informal proof of claim, they

---

[3] The BAP has stated that these elements have been around "for over seventy-five years," but this Court has not found any case older than *Perry* in the Ninth Circuit discussing them.  *In re Edelman*, 237 B.R. 146, 155 (B.A.P. 9th Cir. 1999).

must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." 754 F.2d 811, 815 (9th Cir. 1985). The court made no reference to the five requirements in *Perry*. Both *Holm*, 931 F.2d at 622, and *In re Anderson-Walker Indus., Inc.*, 798 F.2d 1285, 1287 (9th Cir. 1986), applied the *Sambo's Restaurant* test (and cited *Franciscan Vineyards* as its source). In *Pizza of Hawaii*, the court cited *Sambo's Restaurants*, once again reaffirming the "long established liberal policy" toward amendments and implying that the test was whether the creditor clearly evidenced an intent to hold the debtor liable. 761 F.2d at 1381. In none of these cases were the five *Perry* "requirements" mentioned at all.

Moreover, it is clear that the *Perry* test is not to be applied formalistically, even when it is used. *Anderson-Walker*, 798 F.2d at 1287 (The "liberal" rule reflects our preference for resolution on the merits, as against strict adherence to formalities."). Applying the *Perry* test, the *Franciscan Vineyards* court held that the informal proof of claim was brought "to the attention of the court" even though the document was a letter sent to the trustee. *Franciscan Vineyards*, 597 F.2d at 183. As the BAP pointed out in *Fish*:

> In all these cases the courts focused not on the type of document, but on its contents and the creditor's conduct. For example, in Holm, the disclosure statement (1) was filed with the court, (2) made an explicit demand against the estate and indicated the creditor intended to hold the debtor liable for the debt, and (3) stated that the nature of the claim was a state court judgment in the amount of $232,960. The Ninth Circuit held this sufficient for an informal proof of claim.

456 B.R. at 417-18 (citing *Holm*, 931 F.2d at 623).

The primary theme in all these cases is notice. The salient issue is whether or not a creditor is "seeking to introduce a new claim in disguise." *Sambo's Restaurants*, 754 F.2d at 817. Thus, the rule of liberality has been stated as follows:

> In the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity.

*Id.* at 816-17. While there are various Ninth Circuit cases using slightly different tests, their goal is the same: to liberally allow amendments if the estate had adequate notice of the creditor's intent to pursue the claim.

### B. The Bankruptcy Court Erred in Disallowing Diversified's Claims

In this case, the bankruptcy court, applying only the *Perry* test and not the *Sambo's Restaurant* test, denied Diversified's claims on one of two grounds or both. First, the court was unsure whether the Schedule F, which marked the claims as "disputed, unliquidated, and contingent" was enough to state the "nature and amount" of the claims. R. at 110-11. Second, "the more troubling element" for the court was whether the letter from Debtors' counsel to the Trustee, sent in response to the Trustee's request, was really sent "on behalf of" Diversified. R. at 111-12. The court's order incorporated the record of the hearing, but neither the order nor the oral ruling at the hearing elaborates on whether both grounds or merely one of them formed the basis for the ultimate denial of the informal proof of claim. R. at 7, 110-12. As discussed above, the appropriate test to apply is not entirely clear, but applying either the *Perry* or *Sambo's Restaurant* test, the informal proof of claim should have been allowed.

#### 1. The Bankruptcy Court's Application of the *Perry* Test Was Too Formalistic

Applying the *Perry* test, the bankruptcy court recognized that the Debtors' counsel's letter to the Trustee and the Schedule F were writings that were timely, and brought the claim to the attention of the court. Only the third and fifth factors – whether the letter was sent "on behalf of" Diversified and whether the nature and amount of the claims were known – are at issue in this appeal.

1 Scott McNutt, the attorney for the Debtors, submitted a declaration in support of Diversified's motion, stating that he sent the Schedules to the Trustee with the purpose of correctly identifying the creditors and the amounts and nature of their claims. R. at 132. He added that the letter was sent "by me to the Trustee on behalf of Diversified and all of the creditors listed on the Schedules." *Id.* The letter itself did not say that it was sent on behalf of the creditors, and the court found that the declaration was not "sufficient, credible evidence to meet the prong of the test." R. at 112.

The question here, however, is not only one of evidence, but one of law. *Pizza of Hawaii*, 761 F.2d at 1377. The Debtors' counsel acts as a fiduciary to all creditors, and thus it is his job to accurately report the interests of all unsecured creditors on the Schedule F. In fact, the requirement of the Schedule F itself serves in part the same purpose as the informal proof of claim doctrine. As the bankruptcy court put it, the point is to "put the world on notice as to whether someone has to worry about that claim or not." R. at 111. Moreover, the Bankruptcy Code specifically envisions that a debtor may file a proof of claim on a creditor's behalf. 11 U.S.C. 501(c) ("If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."). For the purpose of notice, which is the motivating purpose for the doctrine, a writing must be presented "by or on behalf of" the creditor, as opposed to merely listed on a Schedule F, so that the trustee knows whether the creditor plans to pursue the claim.

Thus, the Schedule F listing is not by itself an informal proof of claim. When combined with other conduct or evidence that the creditor intends to pursue the claim, however, then it will suffice. This makes sense. The parties to whom the Debtors owe a fiduciary duty are those creditors who intend to pursue their claims. Thus, the Schedule F is being submitted "on behalf of" those creditors whose claims are known. Yet, only those claims that are accompanied by other evidence that they will be pursued will convert to informal proofs of claim. This limitation should alleviate the Trustee's

unwarranted concern that every scheduled claim will be construed as an informal proof of claim.

In this case, Diversified obtained a writ of attachment only six months before the bankruptcy, which likely precipitated the bankruptcy in the first place. Under these circumstances, everyone involved should have known Diversified was interested in collecting on the debt. Here, the writ of attachment and the provision of that writ to Debtors' counsel acts as the evidence of Diversified's intent. In other cases, a creditor's active participation in the case has shown intent. *Fish*, 456 B.R. at 418. ("To the contrary, PRCU's active participation in the case and its multiple filings evidence vigorous assertion of its rights, not disregard of them or procrastination."). Similarly, intent can be evidenced by "correspondence with debtor's counsel, and [a] joint motion with the debtor to transfer [a district court] case to the bankruptcy court." *Pizza of Hawaii*, 761 F.2d at 1381. The Ninth Circuit has rejected the proposition "that the basis for an amendment of a proof of claim must appear upon the record in the bankruptcy proceedings." *Franciscan Vineyards*, 597 F.2d at 183.

The other factor found potentially wanting by the bankruptcy court was whether the amount and nature of the claim was known, given the Schedule F was marked "disputed." While the court never identified whether this was a determinative factor, because it is also an issue of law, this Court must consider it anew. The nature of the claim, a business debt generated from loan guarantees, is a given. R. at 331. All that remains to be addressed is the amount of the claim.

Debtors submitted a declaration stating that they did not intend to dispute the claim itself, but merely marked it as disputed because the precise final amount was unknown at the time due to future contingencies. *Id.* On the other hand, Debtors' counsel treated the claims as truly disputed when on October 11, 2011, he filed an application to limit the notice of an unrelated motion to those parties that were affected by it, including all holders of undisputed claims and all holders of claims scheduled as "disputed,

unliquidated, and contingent" who had filed a proof of claim. R. at 1101-02. Diversified was not included in the notice.

Whether the claim was disputed or not, however, is of no moment. Had the claim been clearly disputed, the dispute would have been resolved *after* the filing of a proof of claim. Whether the claim was disputed does not affect the nature or amount of the claim, just its validity. Disputed or not, the scheduled claim totaled $13.1 million, and the eventual proofs of claim amounted to $12.5 million. The amount of the claim (as opposed to the merits of the claim) is set forth with clarity in the Schedule F. *Cf. Pizza of Hawaii*, 761 F.2d 1381 (finding a partially unspecified prayer for damages adequately stated the amount of the claim, because the uncertainty was due to future events). The entire world was put on notice that the Debtors' largest creditor, with a claim of over $13 million, sought to enforce its business debt.

**2. Under the *Sambo's Restaurant* Test, the Claims Should Also Have Been Allowed.**

As discussed above, the Ninth Circuit also employs the *Sambo's Restaurant* test: "For [] documents to constitute an informal proof of claim, they must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." *Holm*, 931 F.2d at 622; *Anderson-Walker Indus., Inc.*, 798 F.2d at 1287; *Sambo's Restrauants*, 754 F.2d at 815. Under this test, the informal proof of claim need not be a single document. Documents can be considered in combination with creditor conduct, as discussed above. *See, e.g., Pizza of Hawaii*, 761 F.2d 1381 (jointly considering a complaint for relief from automatic stay and the complaint filed in a separate, but related civil case, attached to the complaint as an exhibit.)

Here, the Schedule F set out the nature and amount of the claim, and the writs of attachment, which were in the possession of Debtors and given to Debtors' counsel, R. at 131-32, demonstrated a clear intent to hold the Debtors liable. Therefore, even under the alternate test, Diversified had an informal proof of claim.

### C. No Parties Are Prejudiced By Allowing the Claims

The rule of liberality applies only when no party would be unduly prejudiced by the amendment. The trustee argues that all other unsecured creditors would be prejudiced by the reduction of their share from 19% to 7% of the estate. (Trustee Brief at 12 [Doc. # 15].) As a matter of law, the reduction in share cannot alone qualify as prejudice. *In re JSJF Corp.*, 344 B.R. 94, 102 (B.A.P. 9th Cir. 2006). If that were not so, no late claim could ever be amended, because all other creditors would be prejudiced by the very nature of allowing another creditor to take a portion of a finite estate. Considering the standard that amendments should be liberally permitted, reduction in the size of the shares of the estate available to other creditors cannot be the measure of prejudice. There have been no arguments that a party would be otherwise prejudiced by this amendment.

## IV.
## CONCLUSION

In light of the foregoing, the judgment of the Bankruptcy Court is **REVERSED**. CPB's motion to disallow the claims is denied, and Diversified's motion to approve and allow informal proofs of claims is granted.

**IT IS SO ORDERED**.

DATED: May 7, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

cc: U.S. Bankruptcy Court